Ms. Cynthia Howell Arkansas Democrat-Gazette Capitol Scott P.O. Box 2221 Little Rock, Arkansas 72201-2221
Dear Ms. Howell:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B) (Cum. Supp. 1993), for an opinion on whether the decision of the University of Arkansas at Little Rock not to release certain records relating to recent budget cuts at the University is consistent with the provisions of the "Freedom of Information Act" ("FOIA"), codified at A.C.A. § 25-19-101 to -107 (Repl. 1992 and Supp. 1993).
Specifically, you indicate that the Democrat-Gazette has asked University officials for specific employee positions being cut, the names of the people who hold those positions, and the salaries and other financial information associated with the cut positions. In addition, you note, "information was requested on whether persons who were losing their positions would be employed elsewhere in the University." In summary, the Democrat-Gazette wishes "to know who those people are, their new and old positions and their salaries."
I should note from the outset that the FOIA applies to "records" and not to "information." Thus, the University is not required to compile information in response to an FOIA request. Your letter indicates, however, that at least some records do exist which reflect the information requested. The inquiry therefore becomes whether these records are subject to release under the FOIA.
The records in question are clearly "public records" under the definition set out in the act. See A.C.A. § 25-19-103(1). They are writings kept by a public agency which constitute a record of the performance of official functions of the agency. The next inquiry is whether these documents fall within any exception listed in the act. The act does exempt from disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy. . . ." A.C.A. §25-19-105(b) (10) (Cum. Supp. 1993). Not having reviewed the documents in question, I cannot conclude definitively that the records are indeed "personnel records." It would appear from the description of the information contained within them, however, that they may be "personnel records."[1] In any event, it is my opinion that the release of these records, at least to the extent that they reflect the relevant information requested, (i.e. positions, salaries, names, fact of employment or reemployment), would not constitute "clearly unwarranted invasion of personal privacy."[2]
While no Arkansas court has articulated what constitutes "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Op. Att'y Gen. 87-115. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." In this regard, federal courts have adopted the position that information falls within the exception if the information concerns an intimate detail, or if it involves private facts. Watkins, Access to Public Records Under theArkansas Freedom of Information Act, 37 Ark. L. Rev. 741 at 789.
Additionally, while neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989) did apply a three-part test in discussing a constitutional right to nondisclosure of personal matters. Quoting the Georgetown Law Journal, the court stated the following:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v.Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United State Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance,648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisherv. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v.F.B.I., 460 F. Supp. 778, reversed on distinct grounds,602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, and alcohol consumption, Rural Housing Alliance v. Department ofAgriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health Human Services,649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980).
It is therefore my opinion, in light of the above, that the release of records reflecting the names, positions, salaries, and the fact of termination or reemployment of these public employees would not constitute a clearly unwarranted invasion of personal privacy under the Arkansas FOIA, and thus the University's decision not to release records or portions of records which reflect this information is inconsistent with the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] I am assuming for purposes of this opinion that the records are "personnel records." This office's obligation to provide an opinion to the requester, custodian, or subject of the records arises only with regard to personnel or evaluation records.
[2] Other records, however, whether or not personnel records, which reflect medical, scholastic, adoption or tax information, are exempted by other specific exemptions in the FOIA. See
A.C.A. § 25-19-105(b). It should be noted as well that employee evaluation or job performance records are subject to public disclosure only upon final administrative resolution of a suspension or termination proceeding, where the records formed a basis for the suspension or termination, and where a compelling public interest in their disclosure exists. A.C.A. §25-19-105(c)(1). To the extent any of the records fall within these categories, a different test will therefore apply.